UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASESORAL BUSINESS PARTNERS, LLC,

                           Plaintiff,

-v-

SEATECH WORLDWIDE CORPORATION, ALLIANCE FISHERIES, INC., and JESUS DELGADO,

                           Defendants.

CIVIL ACTION NO.: 19 Civ. 11512 (AJN) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

On December 16, 2019, Plaintiff Asesoral Business Partners, LLC ("Asesoral") commenced this action against defendants Seatech Worldwide Corporation ("Seatech"), Alliance Fisheries, Inc., and Jesus Delgado, seeking damages arising from, inter alia, Seatech's breach of a settlement agreement that it entered into with Asesoral (the "Settlement Agreement").  (ECF No. 1).  After Defendants failed to appear and the Clerk of Court entered certificates of default against them (ECF Nos. 23–25), Asesoral moved for default judgment (ECF No. 28 (the "Motion")).  On March 10, 2021, the Honorable Alison J. Nathan partially granted the Motion as to Seatech (ECF No. 36) and, on March 11, 2021, referred the case to me to conduct an inquest and issue a Report and Recommendation concerning damages.  (ECF No. 37).  On June 4, 2021, Asesoral filed its proposed Findings of Fact and Conclusions of Law as to Damages.  (ECF No. 45 (the "Damages Submission")).

As discussed below, one aspect of Asesoral's Damages Submission is potentially inconsistent with the Settlement Agreement, and the Court requires clarification from Asesoral as to the correct amount of its claimed damages.

Asesoral asserts that it entered into the Settlement Agreement with Seatech "as a result of Seatech's previous failure to timely deliver three containers of product(s) [(the "Containers")] which Asesoral had purchased from Seatech for $247,360.00." (ECF No. 11 ¶ 9) (emphasis added)). (See also ECF Nos. 30 ¶ 4; 31 at 6, 12; 45 at 1, 3, 4). Accordingly, in its Damages Submission, Asesoral claims that it "is owed $247,360.00 from Seatech which is equal to the value of the three [C]ontainers that Seatech failed to timely pursuant to the terms of the Settlement Agreement." (ECF No. 45 at 4 ¶ 6) (emphasis added)).

To support this aspect of its Damages Submission, Asesoral submitted the affidavit of its authorized representative, Fernando Martinez, who affirmed that Asesoral paid $247,360.00 for the Containers. (ECF No. 45-1 ¶¶ 11, 16 (the "Martinez Affidavit")). Asesoral also relied on a previously filed copy of the Settlement Agreement (ECF Nos. 31-1), which Mr. Martinez described as "true and correct." (ECF No. 45-1 ¶ 4). Contrary to the Martinez Affidavit, however, the Settlement Agreement states that Asesoral paid "a total of US$ 274,360" for the Containers. (ECF No. 31-1 at 1) (emphasis added)). The Court is unable to discern whether this is a typographical error, or substantive difference, in the amount of damages Asesoral is claiming.

To allow the Court to compute the correct amount of damages, Asesoral shall, by **November 30, 2021**, file a supplemental affidavit from Mr. Martinez (the "Supplemental Affidavit") clarifying the amount it paid for the Containers and, if necessary, providing a corrected calculation of Asesoral's claimed damages. Asesoral is directed to serve the Supplemental Affidavit on Seatech and to file proof of service on the docket. Seatech shall submit its response, if any, to the Supplemental Affidavit by **December 14, 2021**.

In the absence of any response from Seatech, the Court shall determine Asesoral's amount of damages without any further hearing.

Dated: New York, New York
November 16, 2021

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**