USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/28/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Asesoral Business Partners, LLC,

    Plaintiff,

–v–

Seatech Worldwide Corporation, et al.,

    Defendants.

19-CV-11512 (AJN) (SLC)

ORDER ADOPTING REPORT AND RECOMMENDATION

ALISON J. NATHAN, Circuit Judge, sitting by designation:

On March 10, 2021, the Court granted in part and denied in part Plaintiff's motion for default judgment against Defendants Seatech Worldwide Corporation ("Seatech"), Alliance Fisheries, Inc., and Jesus Delgado. *Asesoral Bus. Partners LLC v. Seatech Worldwide Corp.*, No. 19-CV-11512 (AJN), 2021 WL 918256 (S.D.N.Y. Mar. 10, 2021) (Dkt. No. 36). More specifically, the Court entered default judgment on liability as to Seatech on Plaintiff's claims for breach of contract, goods sold and delivered, account stated, and accounting, and denied the remainder of Plaintiff's motion. *See id.* at *8. The Court then referred the matter to Magistrate Judge Sarah L. Cave for an inquest on damages. Dkt. No. 37. On December 16, 2022, Judge Cave filed a Report & Recommendation ("R & R") providing a thorough calculation of the damages owed to plaintiffs. *Asesoral Bus. Partners, LLC v. Seatech Worldwide Corp.*, No. 19-CV-11512 (AJN) (SLC), 2021 WL 6755016 (S.D.N.Y. Dec. 16, 2021) (Dkt. No. 53).

When considering the findings and recommendations of a Magistrate Judge, the Court may "accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court must make a *de novo* determination of any portions of a magistrate's report or findings to which a party raises an objection, and reviews only for "clear error on the face of the record" when

there are no timely objections to the R & R. *Banks v. Comm'r of Soc. Sec.*, No. 19-CV-929 (AJN), 2020 WL 2765686, at *1 (S.D.N.Y. May 27, 2020) (internal quotation marks omitted). Clear error is found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *Laster v. Mancini*, No. 07-CV-8265 (DAB), 2013 WL 5405468, at *2 (S.D.N.Y. Sept. 25, 2013) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

As of this date, no objections to the R & R have been filed, and the deadline for objections has long since passed. *See* Dkt. No. 53 at 19. Thus, the Court reviews the R & R for clear error, and it finds none.

The Court therefore adopts the R & R in its entirety and awards Plaintiff damages in the total amount of $556,321.00, in addition to pre-judgment interest (on both the $371,268.00 in damages stemming from the Settlement Agreement and the $185,053.00 stemming from the Invoices) as determined by the Clerk of Court, on the grounds described by Judge Cave in the R & R. *See* Dkt. No. 53 at 18. Plaintiff is further entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961 and equitable relief in the form of an accounting by Seatech of all revenue generated from the *Van Ecuador* brand since February 28, 2019.

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close the case.

SO ORDERED.

Dated: April 28, 2022
New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge, sitting by designation